## DAY v. DOW et al.

(Supreme Court, Appellate Division, First Department. December 22, 1899.)

1. PARTNERSHIP—DISSOLUTION—CONTRACT—INJUNCTION—RECEIVER.

> Where a member of a firm agreed to sell his interest to plaintiff, who paid a part of the purchase price therefor, but thereafter sold such interest to D., and a written agreement was subsequently entered into, signed by the initials of all the parties, providing that it should be put in legal form on demand of either of the parties thereto, by which D. agreed to pay plaintiff two-thirds of the price he had paid for such partner's interest, and such agreement was delivered to plaintiff, to make copies for the other signers, D. being ready and willing to comply with such agreement, plaintiff was not entitled to an injunction and the appointment of a receiver pending suit to dissolve the partnership, on the ground that defendants were conducting the business wastefully and to their own advantage, and threatened to exclude plaintiff from participating therein; plaintiff making no claim that defendants were insolvent or irresponsible.

2. SAME—DELIVERY.

> Where a tripartite agreement was delivered to plaintiff to make copies for the other signers, the fact that such signers afterwards attempted to gain possession thereof did not show that the delivery to plaintiff was not sufficient to render the instrument fully operative.

Appeal from special term, New York county.

Action by Clarence P. Day against Charles H. Dow and others. From an order denying plaintiff's motion for the appointment of a receiver and for an injunction pendente lite, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Roger Foster, for appellant.

Charles A. Decker, for respondents.

PATTERSON, J. The plaintiff, claiming to be a co-partner in business with the defendants, asserts in this action that his rights as such partner are disputed by them; that they are conducting the business wastefully, and to their own advantage solely; and that they threaten to exclude him from access to the books of the firm; and, inferentially, from participating in the business. He seeks a judicial dissolution of the alleged partnership, and moved at the special term, upon a complaint and affidavit, for an injunction pending suit, and a receivership. The motion was denied, and he appeals from the order.

The decision of the court below was right. The plaintiff did not establish the existence of such facts as would justify the court in taking the business out of the hands of its apparent proprietors. It is not claimed that the defendants are insolvent or irresponsible. The business, peculiar in its nature, and dependent for its success upon close attention to minute details, belonged in July, 1899, to the defendants and one Brady. On July 26, 1899, and during the absence of the defendant Dow from the state of New York, Brady entered into a contract with the plaintiff by which he agreed to sell to the plaintiff his interest in the business, and thereafter the

plaintiff paid to Brady a portion of the purchase price. On the 9th
of September, 1899, Brady sold and transferred the same interest
to the defendant Dow. There is much contradictory evidence contained in the affidavits respecting the defendants' knowledge of the
plaintiff's purchase from Brady, and the rights obtained or asserted
by him thereunder, and of the recognition of such rights; but it is
unnecessary to pass upon any of these matters now, for it has been
shown that early in October, 1899, Dow, Brady, and Day, as the result of much prior discussion and negotiation, entered into an agreement by which Day recognized Dow's ownership of the Brady interest, and Dow agreed to make reimbursement to Day of two-thirds
of what the latter paid to Brady. The terms of the agreement are
explicit, and Dow stands in readiness to perform his part thereof.
The agreement was reduced to writing, and is signed with the initials
of the three parties. It is claimed by Day that it was a proposed,
and not a definite or final, agreement, but its terms import otherwise. The phrase relating to its "being put in legal form on demand of either of the parties hereto" does not leave anything open
for future negotiation or understanding, nor indicate incompleteness, in any sense, and the contract cannot be evaded. In that respect the case resembles Sanders v. Fruit Co., 144 N. Y. 209, 39 N.
E. 75, 29 L. R. A. 431. It is contended by the plaintiff that there
was no actual delivery of this agreement shown, but it appears that
the original signed instrument was delivered by Dow and Brady to
Day, who took it to make copies for the other signers. The contest
respecting the subsequent possession of it does not determine the
matter of delivery. It was signed by Dow and Brady, and given to
Day. He has failed to make out that it was not so given to him as
a technically delivered and fully operative instrument.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.